UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

DAVID W. ARISMAN,

        Plaintiff,

vs.

J. S. WOODFORD, Warden; R. ATOS, Supervising Cook; C. PEREA, Food Administrator I; and N. GRANNIS, Chief, Inmate Appeals Division, CDCR,

        Defendants.

No. C 03-4800 PJH (PR)

**ORDER OF DISMISSAL WITH LEAVE TO AMEND; DENIAL OF MOTION FOR COUNSEL**

      This is a civil rights case filed pro se by a state prisoner. Due to an unfortunate oversight by staff the case has not received the review required by 28 U.S.C. § 1915A(a), which is performed below.

      Plaintiff has been granted leave to proceed in forma pauperis. Venue is proper in this district because a substantial part of the events giving rise to the action occurred in this district. *See* 28 U.S.C. § 1391(b).

**DISCUSSION**

**A.   Standard of Review**

      Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *Id.* at 1915A(b)(1),(2). Pro se pleadings must be liberally construed. *Balistreri v. Pacifica Police*

*Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged deprivation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

**B.    Legal Claims**

Plaintiff is on death row at San Quentin. He contends that the diet served him is high in carbohydrates and fats and lacks sufficient fruit, vegetables, whole grains, and "healthy fats." He asserts that the diet is based on out-dated federal diet recommendations which have been refuted by new research, and that as a result the food is insufficient to maintain his health.

As an abstract matter, this is sufficient to state a claim, *see LeMaire v. Maass*, 12 F.3d 1444, 1456 (9th Cir. 1993) (Eighth Amendment requires only that prisoners receive food that is adequate to maintain health), but plaintiff has failed to allege facts as to the named defendants sufficient "to state a claim for relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1986-87 (2007). To state a claim against them he must allege, plausibly, what role they played in determining the prison diet. The complaint will be dismissed with leave to amend for plaintiff to remedy this deficiency.

In amending, he should bear in mind that a prison official cannot be held liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official is shown to have been deliberately indifferent to the allegedly unconstitutional condition. *See Farmer* v. Brennan, 511 U.S. 825, 837 (1994). To show deliberate indifference the standard for criminal recklessness must be met, i.e., it must be shown that the official knew of and disregarded an excessive risk to inmate health or safety. *Id.* A prison official is deliberately indifferent if he or she knows that a prisoner faces a substantial risk of serious harm and disregards that risk by failing to take reasonable steps to abate it. *Id.* The prison official must not only "be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists," but the official "must also draw the

inference." *Id.* If a prison official should have been aware of the risk, but was not, then the official has not violated the Eighth Amendment, no matter how severe the risk. *Gibson v. County of Washoe*, 290 F.3d 1175, 1188 (9th Cir. 2002).

**C.    Motion for Counsel**

Plaintiff has moved for appointment of counsel.

There is no constitutional right to counsel in a civil case, *Lassiter v. Dep't of Social Services*, 452 U.S. 18, 25 (1981), and although district courts may "request" that counsel represent a litigant who is proceeding in forma pauperis, as plaintiff is here, *see* 28 U.S.C. § 1915(e)(1), that does not give the courts the power to make "coercive appointments of counsel." *Mallard v. United States Dist. Court*, 490 U.S. 296, 310 (1989).

The Ninth Circuit has held that a district court may ask counsel to represent an indigent litigant only in "exceptional circumstances," the determination of which requires an evaluation of both (1) the likelihood of success on the merits and (2) the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991).

Plaintiff appears able to present his claims adequately, and the issues are not complex. The motion for appointment of counsel will be denied.

**CONCLUSION**

1. Plaintiff's motion for appointment of counsel (document number 9 on the docket) is **DENIED**.

2. For the foregoing reasons, the case is **DISMISSED** with leave to amend, as indicated above, within thirty days from the date of this order. The amended complaint must include the caption and civil case number used in this order and the words AMENDED COMPLAINT on the first page. Because an amended complaint completely replaces the original complaint, plaintiff must include in it all the claims he wishes to present. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). He may not incorporate material from the original complaint by reference. Failure to amend within the designated time will result in the dismissal of these claims.

3. It is the plaintiff's responsibility to prosecute this case. Plaintiff must keep the court informed of any change of address by filing a separate paper with the clerk headed "Notice of Change of Address," and must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

**IT IS SO ORDERED.**

Dated: August 14, 2007.

PHYLLIS J. HAMILTON
United States District Judge

G:\PRO-SE\PJH\CR.03\ARISMAN4800.DWLTA.wpd